IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-00067-01CR-W-HFS |
| | ) | |
| DONALD RAY HANNAH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

This is written in a further effort to keep counsel informed of my concerns and plans, in order to expedite preparation for trial.

It is my current impression that, without the collateral issues the Government wishes to present, the case can be tried rapidly enough so that I should request the Chief Magistrate to keep it for me for trial.

Defendant's supplemental memorandum of the 22nd deals with my principal concerns regarding the attorney/client privilege. I do not expect to support the Government in its contention that I need not reach the merits of the evidentiary issues (the Government may, of course, offer on appeal the arguments presented in support of a favorable ruling, if there is one, and a conviction). Disclosures to the accountant Sellers, in writing or conversations with Hunter, would apparently not be protected. This now seems tacitly conceded (page 5 of supplemental memo) and I find law supporting that conclusion. United States v. Newell, 315 F.3d 510, 525-6 (5th Cir. 2002).

Defendant contends that, because Edwards and Hannah used the same law office, advice to Hannah in the presence of Edwards, or in correspondence in which Edwards was included, would

be protected. This troubles me. If, for example, at an office cocktail party two clients were present when a lawyer discussed a legal issue of interest to one of them, it seems there would be either a waiver of privilege or, more likely, that confidentiality was never created. The lawyer apparently treated the issue as not a sensitive one and what he says would not seem to be privileged.

Because Edwards and Hannah had a business relationship of sorts apparently defendant contends this adds something to the privilege claim. As a matter of group dynamics, it might be thought that at the cocktail party scenario I pose the discussion would be less likely if the clients were strangers. But it is hard to see a common interest in the advice, which relates to Hannah's wholly owned company and his personal tax return. Why would voluntary disclosures to Edwards, or in his presence, be protected? The Newell case, above, seems to disfavor a common legal interest claim in these circumstances. Compare, In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 922-3 (8th Cir. 1997)

Further citations or very limited briefing may be useful on this type of issue.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

February 28, 2006

Kansas City, Missouri