IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 05-00067-01-CR-W-HFS |
| DONALD RAY HANNAH, | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

A difficulty with in limine briefing and rulings is often the uncertainty of what is being discussed and how particular aspects of the issues should be considered. Regarding today's filing by defendant concerning the alleged disclosure to Edwards of legal advice on Hannah's taxes, perhaps I can assume that defendant is generally sound. Thus, the handling of the like-kind exchange may have been of common concern and legal assistance may be protected. But, if, in the course of giving such assistance a lawyer and client start discussing a will, or tax matters not necessary to the common enterprise, I have trouble seeing why there is protection, as in confidential communication. I see nothing cited on that point.

Anticipating another possible problem, I would suppose the extent of the waiver (or failure to create a confidential situation) would be very narrow. I doubt that a small disclosure opens up everything on that subject. I suppose lawyers and clients can move in and out of protected confidences.[*]

---

[*] I am aware of the Fifth Amendment answer that "I can't say anything without waiving my rights on everything," but do not suppose that is pertinent.

My supposition in the absence of further pointed argument or citations would be that a few documents giving legal advice or raising questions on taxes could come into evidence, because opened up with Sellers and/or Edwards, with only enough explanatory testimony to identify the material and its context.

A telephone conference is invited, or another meeting, if useful.

                                    /s/ Howard F. Sachs
                                    HOWARD F. SACHS
                                    UNITED STATES DISTRICT JUDGE

March 9, 2006

Kansas City, Missouri